**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Delexstine Kendricks

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| **DELEXSTINE KENDRICKS,**<br><br>Plaintiff,<br><br>vs.<br><br>**COLLECT ACCESS, LLC; and ZEE LAW GROUP, P.C.,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692 ET SEQ.; AND**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff DELEXSTINE KENDRICKS ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of COLLECT ACCESS, LLC ("Defendant Collect Access") and ZEE LAW GROUP, P.C. (Defendant Zee Law Group") (collectively referred to as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those defendants named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under California state law.

9. This action arises out of Defendant's violations of (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; and (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA" or "Rosenthal Act").

10. Because Defendants each conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the County of Riverside, State of California, the harm to Plaintiff occurred in the County of Riverside, State of California, and Defendants are subject to personal jurisdiction in the County of Riverside, State of California, as they each conduct business there.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Temecula, County of Riverside, State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant Collect Access, LLC is a Limited Liability Company organized under the laws of the State of California with a headquarters or principal place of business located at 9660 Telstar Avenue, El Monte, California 91731.

15. Defendant Zee Law Group, P.C. is a law office and professional corporation organized and/or incorporated under the laws of the State of California with a headquarters or principal place of business also located at 9660 Telstar Avenue, El Monte, California 91731.

16. Defendants are each persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection as that term is defined by Cal. Civil Code § 1788.2(b) by collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as that phrase is defined by Cal. Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//
//
//

**FACTUAL ALLEGATIONS**

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. At all times relevant, Defendants conducted business in the State of California.

20. Sometime prior to this action, Defendants claim Plaintiff allegedly incurred financial obligations to an original creditor, Chase Manhattan Bank USA, N.A., that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

21. Defendants claim that on December 7, 2005, Defendant Collect Access, LLC's predecessor, Debt Recovery, Inc., purchased the alleged debt from the original creditor, and allegedly succeeded to all right, title and interest, and the right to collect the alleged debt. Debt Recovery, Inc. is also a debt collector, the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and corporation formed under the laws of the State of California, with a headquarters or principal place of business also located at 9660 Telstar Avenue, El Monte, California 91731.

22. Through this action, Plaintiff makes no admission regarding the validity of the alleged debt sought by Defendants in the collection action, nor does Plaintiff admit that the alleged debt was actually owed to Defendants.

23. Thereafter, on or about May 3, 2006, Defendant Zee Law Group, on behalf of Debt Recovery, Inc., filed a collection action against Plaintiff in the Superior Court of California, County of San Bernardino, case number RCIRS094997.

24. Subsequently, Defendant Zee Law Group, filed a Proof of Service indicating Delexstine Kendricks was purportedly served by substitute on July 13, 2006 by serving "JANE DOE," described as "FEMAL 35 YRS HISPANIC BROWN

HAIR BROWN EYES 5'04" 140 LBS RESIDENT" at "9361 Shadowood Drive, Apt. F, Montclair, CA 91763."

25. However, Plaintiff did not reside at the above address on the date of purported service. Instead, on the date of purported service, Plaintiff resided at an address in Vista, California. Therefore, Plaintiff was never aware of Defendants' attempt to effectuate service upon Plaintiff, nor was Plaintiff given proper notice or otherwise aware of the lawsuit filed against Plaintiff in the collection action.

26. Based on Defendant Zee Law Group's misrepresentations to the court regarding service of process in the collection action, Defendant Zee Law Group and Debt Recovery, Inc. improperly obtained a default judgment against Plaintiff on or about February 7, 2007.

27. Sometime thereafter, on or about November 12, 2014, Defendants filed an Assignment of Judgment in the collection action. Defendants claim that Debt Recovery, Inc allegedly assigned, placed, transferred, or sold the alleged debt to Defendant Collect Access, which was also represented by Defendant Zee Law Group, for further collection upon the default judgment improperly obtained against Plaintiff.

28. Several years later, on or about January 23, 2017, Defendants filed an application for renewal of the improperly obtained default judgment in the collection action. Upon filing the application for renewal of judgment, the state court assigned the collection action with the new case number CIVDS1701735.

29. Later, on or about January 3, 2018, Defendants applied for and obtained a Writ of Execution in attempt to collect upon the improperly obtained judgment from Plaintiff.

30. Sometime thereafter, on or about April 17, 2018, Plaintiff representing herself filed an ex parte application with the state court to stay Defendants' collection on the default judgment. In addition, Plaintiff filed a motion to quash service of the summons and complaint, informing the state court that she had not been

CLASS ACTION COMPLAINT

properly served with notice of the collection action.

31. By continuing to pursue the collection action in attempt to collect an alleged consumer debt by means of judicial proceedings when the Defendants had knowledge and were put on notice that service of process, essential to jurisdiction over the alleged debtor, had not been legally effected, Defendants have each violated Cal. Civ. Code § 1788.15(a).

32. Through the above-alleged collection activities, Defendants engaged in conduct, the natural consequence of which was to harass Plaintiff in violation of 15 U.S.C. § 1692d.  This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

33. On April 19, 2018, the state court issued an order granting Plaintiff's ex parte application, ordering Defendants to stop all collection activity related to the default judgment improperly obtained against Plaintiff in the collection action until Plaintiff's motion to quash service could be heard.

34. On or about May 16, 2018, Defendants filed an opposition to Plaintiff's motion to quash service of the summons and complaint in the collection action.

35. On May 31, 2018, Plaintiff's motion came for hearing, Plaintiff attended the hearing in person on her own behalf and an appearance attorney specially appeared at the hearing on behalf of Defendants. At the hearing, the state court found that based on the substance of the motion, Plaintiff's motion was actually a motion to set aside the entry of default and default judgment entered against Plaintiff in the collection action. After reviewing the moving papers and Defendants' opposition, hearing oral argument, testimony, and consideration of Plaintiff's motion, the state court granted the motion to vacate and set aside the default and default judgment, ordered the default judgment previously entered against Plaintiff vacated. The state court ordered that new service required on Defendants' renewal of judgment upon Plaintiff; and the state court further

ordered Defendants to give notice of the court's order and allowed Plaintiff to file an answer within thirty (30) days.

36. After the hearing, the state court issued a Minute Order regarding the the hearing, confirming the court's findings, order, and ruling on Plaintiff's motion.

37. On or about June 1, 2018, Defendants mailed Plaintiff a written Notice of Ruling regarding the state court's ruling at the May 31 hearing. Defendants' Notice of Ruling stated, among other things, that "the Court orders Defendant Delexstine Kendricks to file an answer to the complaint with the Clerk's office within twenty (20) days."

38. This correspondence was a "communication" as defined by 15 U.S.C. § 1692(a)(2) which constituted "debt collection," as that phrase is defined by Cal. Civil Code § 1788.2(b), from Defendants who are each "debt collectors" as that phrase is defined by Cal. Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

39. By sending the above Notice of Ruling stating Plaintiff only had 20 days to file an answer rather than the 30 days ordered by the state court, Defendants used a false, deceptive, or misleading representation or means in connection of the collection of an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692e. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

40. By sending Plaintiff the above-described Notice of Ruling containing a false statement regarding the number of days Plaintiff was allowed to file an answer, Defendants used unfair or unconscionable means to attempt to collect an alleged debt from Plaintiff violated 15 U.S.C. § 1692f. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

41. Thereafter, on or around June 21, 2018, Defendants filed a Request for Entry of Default against Plaintiff in the collection action and mailed Plaintiff a copy of

Defendants' application for entry of default.

42. On or about June 21, 2018, the state court rejected and returned Defendants' Request for Entry of Default, entering notes in the court's minutes that Plaintiff "has 30 days from 5/31 hearing to answer" and Plaintiff "still has time to file a response. If response not filed and default is to be submitted, must include proof of service of summons as ordered by the court on 05/31/18."

43. By sending Plaintiff the Request for Entry of Default and filing the same with the Court before Plaintiff's time to respond to the collection action had expired, Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection of the collection of an alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

44. Through the above conduct and communication to Plaintiff regarding Entry of Default against Plaintiff before Plaintiffs time to respond in the collection action had expired, Defendants violated 15 U.S.C. § 1692e(2)(A) by using a false representation of the character, amount, or legal status of the debt in connection with an attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

45. Through the above conduct and communication to Plaintiff, Defendants threatened to take action that could not legally be taken in violation of 15 U.S.C. § 1692e(5). This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

46. By sending Plaintiff the Request for Entry of Default and filing the same with the Court, Defendants also violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect an alleged debt from Plaintiff.  These sections are incorporated into the Rosenthal Act through

Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

47. By filing the Request for Entry of Default in attempt to collect an alleged consumer debt from Plaintiff by means of judicial proceedings when Defendants had knowledge that service of process, essential to jurisdiction over the alleged debtor and ordered by the state court, had not been legally effected, Defendants have each violated Cal. Civ. Code § 1788.15(a).

48. Through this course of conduct in connection with collection of an alleged debt from Plaintiff, Defendants engaged in conduct the natural consequence of which was to harass Plaintiff. Consequently, Defendants each violated 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

49. Through the above-alleged course of conduct, Defendants used unfair or unconscionable means to attempt to collect an alleged debt from Plaintiff by illegally obtaining a default judgment against Plaintiff without effectuating proper service of process, attempting to collect upon an improperly obtained default judgment from Plaintiff, illegally attempting to enter default against Plaintiff before Plaintiff's time to respond in the collection action had expired, and by sending Plaintiff numerous false, misleading, and deceptive communications in connection with collection of an alleged debt from Plaintiff. Consequently, Defendants have each violated 15 U.S.C. § 1692f. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Consequently, Defendants have each also violated Cal. Civ. Code § 1788.17.

50. As a result of Defendants' unfair, oppressive, and abusive course of conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over learning of the judgment unfairly obtained by Defendants and as a result of

Defendants' unfair and abusive collection efforts against Plaintiff conduct in violation of the FDCPA, 15 U.S.C. §§ 1692, et seq., and the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

56. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

//
//

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each Defendant individually; and,
- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Respectfully submitted,

Dated: June 18, 2019       **KAZEROUNI LAW GROUP, APC**

By:     *s/Abbas Kazerounian*
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
ATTORNEYS FOR PLAINTIFF