O

# United States District Court
# Central District of California

| | |
|---|---|
| DELEXSTINE KENDRICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COLLECT ACCESS, LLC; ZEE LAW GROUP, P.C.,<br><br>　　　　　Defendants. | Case № 5:19-cv-01134-ODW (SHKx)<br><br>**ORDER DENYING MOTION TO DISMISS [49] AND DISMISSING COMPLAINT SUA SPONTE** |

## I.   INTRODUCTION

Plaintiff Delexstine Kendricks filed this action against Defendants Collect Access, LLC ("Collect") and Zee Law Group, P.C. ("ZLG") for allegedly violating (1) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, *et seq.* ("RFDCPA").  (Compl., ECF No. 1.)

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and they move to strike Kendricks's state law claim pursuant to California's anti-SLAPP statute, California Code of Civil Procedure section 425.16.  (Mot. to Dismiss & Anti-SLAPP Mot. ("Motion" or "Mot."), ECF No. 49.)  Kendricks opposes the Motion.  (Opp'n, ECF No. 50.)  Defendants did not file a reply.

For the reasons that follow, Defendant's Motion is **DENIED**.[1] Nonetheless, on the Court's own motion, this action is **DISMISSED WITH PREJUDICE**, pursuant to Rule 12(b)(6).

## II. BACKGROUND

Collect and its counsel, ZLG, have been attempting to collect a debt that Kendricks purportedly owes. (*See* Compl. ¶¶ 3, 20.) Collect acquired Kendricks's alleged debt from another debt collector, non-party Debt Recovery, Inc. ("DRI"). (*Id.* ¶ 21.) On May 3, 2006, DRI filed a collection action through its counsel, also ZLG, against Kendricks in the Superior Court of California, County of San Bernardino.[2] (*Id.* ¶ 23.) That action resulted in DRI and ZLG obtaining a default judgment against Kendricks on or about February 7, 2007. (*Id.* ¶ 26.) However, DRI's default judgment was improperly obtained (and eventually set aside) because Kendricks was not properly served in that action. (*Id.* ¶¶ 25–26.)

On January 23, 2017, after Collect acquired Kendricks's debt from DRI, Collect and ZLG filed an application in state court for renewal of the default judgment previously obtained by DRI. (*Id.* ¶ 28.) On January 3, 2018, Collect and ZLG obtained a writ of execution from the state court to enforce the default judgment against Kendricks. (*Id.* ¶ 29.) On April 17, 2018, in that action, Kendricks filed a

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Defendants request that the Court take judicial notice of certain filings and orders from the state court proceedings, case numbers RCCI094997 and CIVDS1701735. (Defs.' Req. for Judicial Notice ("RJN"), ECF No. 49-3.) A court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). Here, the filings and orders from the state court action form the very basis of Kendricks's claims. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue."). Thus, to the extent any such filings or orders are relied upon herein, the Court hereby takes judicial notice of those documents. The Court does not, however, take judicial notice of reasonably disputed facts in any judicially noticed documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

motion to quash service of process, as well as an ex parte application to stay enforcement of the default judgment. (*Id.* ¶ 30.) On April 19, 2018, the state court granted her ex parte application to stay enforcement of the judgment until the court could hear her motion to quash service. (*Id.* ¶ 33.)

On May 31, 2018, the court held a hearing on the motion to quash service, which Kendricks and Defendants attended. (*Id.* ¶ 35.) After the hearing, the court issued a Minute Order reflecting what had been discussed. (*Id.* ¶ 36; RJN ¶ 3, Ex. C ("Min. Order").) The Minute Order reflects, among other things, that the court set aside default and default judgment against Kendricks, ordered Collect to serve new process upon Kendricks, and ordered Collect to provide Kendricks with notice of the court's ruling. (Compl. ¶¶ 35–36; *see* Min. Order.)

Most relevant for present purposes, the Minute Order also contained two seemingly conflicting instructions. First, it stated, "THE COURT ORDERS . . . KENDRICKS TO FILE AN ANSWER TO THE COMPLAINT WITH THE CLERKS OFFICE **WITHIN TWENTY (20) DAYS**." (Min. Order (emphasis added).) The Minute Order also included the following disposition: "NEW SERVICE REQUIRED ON THE RENEWAL OF JUDGMENT OF [DRI] ON DEFENDANT DELEXSTINE R KENDRICKS **30 DAYS TO ANSWER**." (*Id.* (emphasis added).)

On June 1, 2018, Collect and ZLG filed and served Kendricks with a Notice of Ruling which communicated the twenty-day deadline stated in the Minute Order. (*See id*; Compl. ¶ 37; RJN ¶ 4, Ex. D.) Having received no answer after twenty days, Collect and ZLG filed and served a request for entry of default on June 21, 2018. (Compl. ¶ 41.) However, the state court denied the request and noted that Kendricks had thirty days to respond to the complaint, not twenty. (*Id.* ¶ 42.)

Based on the above, Kendricks filed the present action, claiming that Defendants violated the FDCPA and RFDCPA by (1) sending Kendricks the Notice of Ruling stating that she had twenty days to respond to the complaint instead of thirty days, (*id.* ¶¶ 39–40), and (2) filing and serving the request for entry of default before

thirty days had expired, (*id.* ¶¶ 43–47). Now, Defendants move to dismiss the Complaint under Rule 12(b)(6) and to strike Kendricks's RFDCPA claim under California's anti-SLAPP statute. (*See generally* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Leadsinger, Inc. v. BMC Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.     DISCUSSION

Kendricks asserts two causes of action under the FDCPA and RFDCPA, respectively. (Compl. ¶¶ 51–56.) The Court notes, first of all, that Kendricks's claims are meritless. However, Defendants' Motion does not include any valid reason for dismissal. Thus, the Court dismisses the action *sua sponte* for reasons detailed in Part IV(B), *infra*. Before reaching that discussion, though, the Court addresses Defendants' Motion.[3]

### A.     Defendants' Motion

Defendants simultaneously move to (1) dismiss the Complaint under Rule 12(b)(6), and (2) strike the RFDCPA claim under California's anti-SLAPP statute. (Mot. 5–19). The Court considers these motion requests independently.

#### 1.     *Motion to Dismiss under Rule 12(b)(6)*

Defendants seek Rule 12(b)(6) dismissal on three grounds. (Mot. 5–13.) Their first two arguments are similar in kind and, consequently, similarly flawed. Defendants first contend that the *Noerr-Pennington* doctrine "cloaks Defendants with immunity and mandates dismissal" *simply because* Kendricks's claims "are a direct result of the judicial proceedings in the [state court action], which clearly constitute protected petitioning activity." (Mot. 7.) Similarly, they contend that California's litigation privilege "renders [Defendants] absolutely immune from *any* civil tort liability for *any* communications made during the [state court action]." (*Id.* 11 (emphases added) (citing Cal. Civ. Code § 47(b)).) But, in short, Defendants misstate the law.

---

[3] Aside from denying the Motion on the merits, the Court alternatively **DENIES** the Motion as moot in light of the Court's *sua sponte* dismissal.

"Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (citing *Empress LLC v. City & Cnty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005)); *see also E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965). Although the doctrine originated in the antitrust context, the United States Supreme Court has broadly expanded these principles outside the antitrust field based on the First Amendment Petition Clause. *Id.* at 929–30. "Recognizing that the right to petition extends to all departments of the government and includes access to the courts, the Supreme Court [has] extended the doctrine to provide immunity for the use of the channels and procedures of state and federal courts to advocate causes." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009) (internal quotation marks omitted).

California law offers a similar protection from liability for certain statements made in litigation. *See* Cal. Civ. Code § 47. The "litigation privilege" of California Civil Code section 47 extends to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).

Critically, however, FDCPA claims are *not* barred by the *Noerr-Pennington* doctrine. *See, e.g.*, *Applewhite v. Anaya Law Grp.*, No. EDCV 14-00385 JGB (SPx), 2015 WL 11438097, at *5 (C.D. Cal. June 15, 2015) (finding *Noerr-Pennington* doctrine inapplicable to FDCPA claims). Similarly, RFDCPA claims are *not* barred by the litigation privilege. *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 337–38 (2009) ("Applying the privilege . . . would effectively vitiate the [RFDCPA] and render the protections it affords meaningless."). This exception stems from the case of *Heintz v. Jenkins*, in which the United States Supreme Court held that

the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, *even when that activity consists of litigation*." 514 U.S. 291, 299 (1995) (emphasis added). "Since *Heintz*, many courts within the Ninth Circuit have declined to apply the *Noerr-Pennington* doctrine [or the litigation privilege] to cases similar to the present action," i.e., FDCPA actions based on a debt collector's litigation conduct. *Alvarado v. Collect Access, LLC*, No. 16-cv-1198 DMS (MDD), 2017 WL 1520003, at *3 (S.D. Cal. Apr. 26, 2017) (collecting cases); *see, e.g.*, *Truong v. Mountain Peaks Fin. Servs., Inc.*, No. 3:12-CV-01681-WQH-MDD, 2013 WL 485763, at *7 (S.D. Cal. Feb. 5, 2013) ("[N]either the *Noerr-Pennington* doctrine nor California Civil Code § 47(b) shield Defendant from civil liability under the FDCPA."). Here, Defendants merely argue that they are immune from FDCPA or RFDCPA liability for *any* communications made in the course of litigation. As just explained, Defendants are mistaken.

With Defendants' final Rule 12(b)(6) argument, they seek to dismiss the claims against ZLG because "[Kendricks] has not alleged that debt collection is the principal purpose of Defendants' business." (*Id.* 9–10.) To be sure, Defendants are correct that a plaintiff must show a defendant is a "debt collector" as defined by the FDCPA and RFDCPA to prevail on such claims, and the failure to allege as much *would* permit dismissal upon application of the *Noerr-Pennington* doctrine and/or litigation privilege. *See, e.g.*, *Satre v. Wells Fargo Bank, NA*, 507 F. App'x 655, 655 (9th Cir. 2013) ("The district court properly determined that [defendant was] immune from FDCPA liability under the *Noerr-Pennington* doctrine because the [plaintiffs'] factual allegations . . . failed to establish that [defendant], who was defending his client from litigation initiated by [plaintiffs], was a 'debt collector.'"). But here, Kendricks *does* allege:

> Defendants are each persons who use an instrumentality of interstate commerce or the mails in a business *the principal purpose of which is the collection of debts*, or *who in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection* as that term is

> defined by [the RFDCPA] by collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another [sic], and are therefore "debt collectors" as that phrase is defined by [the RFDCPA] and [the FDCPA].

(Compl. ¶ 16 (emphases added).) Thus, Defendants' third and final argument also fails.

To be clear, Defendants do not raise *any* other grounds to dismiss the Complaint under Rule 12(b)(6), aside from those already discussed above. Thus, to the extent Defendants seek dismissal under Rule 12(b)(6), the Motion is **DENIED**.

### 2. *Anti-SLAPP Motion to Strike*

Defendants also move to strike Kendricks's RFDCPA claim under California's anti-SLAPP statute. (Mot. 13–19.) The anti-SLAPP statute allows defendants to make a special motion to strike a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1); *see also U.S. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's Anti-SLAPP statute in federal cases"). Relevant here, anti-SLAPP motions must be "filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." Cal. Civ. Proc. Code § 425.16(f); *see Platypus Wear, Inc. v. Goldberg*, 166 Cal. App. 4th 772, 775–76 (2008).

Here, Kendricks delivered Waivers of Service of Summons to Defendants on October 22, 2019, which Defendants signed and returned on November 21, 2019. (Waivers of Service, ECF Nos. 36, 37.) On December 23, 2019, Defendants filed their first motion to dismiss the Complaint, which included an anti-SLAPP motion to strike the RFDCPA claim. (Defs. Stricken Mot. to Dismiss, ECF No. 38.) However, the Court struck that motion because Defendants had failed to comply with Local Rule 7-3. (Min. Order Striking Mot. to Dismiss, ECF No. 44.) Six months later, on June 26, 2020, Kendricks requested entry of default against Defendants because

Defendants had neither re-filed their motion nor filed anything else in this case. (Req. Entry Def., ECF No. 45.) The Court denied Kendricks's request for entry of default on July 10, 2020. (Min. Order Denying Req. Entry Def., ECF No. 48.) Then, on August 12, 2020, nearly nine months after executing the Waivers of Service, Defendants filed the present Motion. (*See* Mot.)

The sixty-day rule "facilitate[s] the primary purpose of the anti-SLAPP statute, i.e., ensuring the *prompt* resolution of lawsuits that impinge on a defendant's free speech rights." *Platypus Wear*, 166 Cal. App. 4th at 776 ("In exercising its discretion in considering a party's request to file an anti-SLAPP motion *after* the 60-day period, a trial court must carefully consider whether allowing such a filing is consistent with this purpose.") The Court sees no reason to entertain Defendants' anti-SLAPP motion, which was filed almost nine months after Defendants acknowledged receipt of the Complaint and waived service of the summons. The purpose of California's anti-SLAPP statute would not be served by considering this issue now. Accordingly, to the extent Defendants move to strike Kendricks's claims under the anti-SLAPP statute, the Motion is **DENIED** as untimely.[4]

### B. *Sua Sponte* Dismissal

Although Defendants' Motion is denied, the Court finds, on its own motion, that the Complaint must be dismissed under Rule 12(b)(6). "A court may dismiss an action *sua sponte* under Rule 12(b)(6) when it is clear that the plaintiff has not stated a claim on which relief can be granted." *Basile v. L.A. Film School, LLC*, 827 F. App'x

---

[4] Notably, the Ninth Circuit has held the sixty-day deadline of section 425.16(f) inapplicable in federal court when an anti-SLAPP motion is brought as a motion for summary judgment. *See Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016). "This is because the 60-day deadline seeks to limit discovery and allows for anti-SLAPP motions at an early stage of litigation, while Rule 56 seeks to promote discovery, requiring motions for summary judgment after litigation has proceeded for some time." *Clifford v. Trump*, 339 F. Supp. 3d 915, 923 (C.D. Cal. 2018). However, the Ninth Circuit has not "ruled on whether an anti-SLAPP motion, brought as a *motion to dismiss* as opposed to a motion for summary judgment, is subject to the 60-day deadline." *Id.* (emphasis added). Furthermore, courts in this district have expressly declined to extend the *Sarver* rule to anti-SLAPP motions brought as motions to dismiss. *See id.*; *Novel v. L.A. Cnty. Sheriff's Dep't*, No. 2:19-cv-01922-RGK-AGR, 2020 WL 3884437, at *2 (C.D. Cal. Mar. 30, 2020) (finding that "the discovery rationale underpinning . . . *Sarver* did not exist" where the anti-SLAPP motion was "analogous to a motion to dismiss, not a motion for summary judgment"). For the same reasons discussed in *Clifford* and *Novel*, the Court concludes that the sixty-day deadline in California's anti-SLAPP statute does apply to an anti-SLAPP motion brought in federal court when, as is the case here, it is brought as a motion to dismiss.

649, 652 (9th Cir. 2020) (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991 (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981)).

The action must be dismissed because Kendricks fails to allege facts showing that Defendants engaged in conduct that is prohibited by the FDCPA or RFDCPA. The FDCPA prohibits harassment, misrepresentation, and other abusive conduct committed "in connection with the collection of a debt." 15 U.S.C. § 1692d; *see id.* §§ 1692e, 1692f.

> The [FDCPA] says, for example, that a "debt collector" may not use violence, obscenity, or repeated annoying phone calls, 15 U.S.C. § 1692d; may not falsely represent "the character, amount, or legal status of any debt," § 1692e(2)(A); and may not use various "unfair or unconscionable means to collect or attempt to collect" a consumer debt, § 1692f.

*Heintz*, 514 U.S. at 292.

Here, the entire premise of Kendricks's Complaint is that, in the state court action, Collect and ZLG "falsely" represented that Kendricks had twenty days to file a responsive pleading instead of thirty days. (*See* Opp'n 4–5 (outlining the bases of Kendricks's claims).) However, Defendants' recitation of, and attempted reliance on, a twenty-day deadline was not false, misleading, unconscionable, or unfair because the state court *did* issue a ruling imposing a twenty-day deadline for Kendricks to file an answer. (*See* Min. Order (ordering Kendricks to file an answer within 20 days of service *and* within 30 days of service).) Kendricks attempts to hide this fact by omitting it from her Complaint. (*See, e.g.*, Compl. ¶¶ 35, 37, 39 (mentioning only that the Court ordered a response filed within thirty days).) But as explained in note 2, *supra*, the Court takes judicial notice of the state court's Minute Order, which clearly imposed *both* a twenty-day and a thirty-day deadline for Kendricks to file a responsive pleading in that action. (*See* Min. Order.) The Court will not turn a blind eye to this

fact for the sake of preserving Kendricks's manufactured FDCPA violation. To the contrary, in light of the state court's Minute Order, it is clear that Defendants' alleged conduct was not harassing, false, misleading, unconscionable, or unfair. Thus, the Court concludes Kendricks fails to allege a cognizable legal theory under the FDCPA.

Kendricks's RFDCPA claim fails for the same reason because it is based on the same factual predicate. (*See* Compl. ¶¶ 31–32, 39–40, 43–49); *see also* Cal. Civ. Code § 1788.17 (incorporating the FDCPA into the RFDCPA).

Finally, the Court finds that Kendricks cannot possibly win relief under the FDCPA or RFDCPA because Defendants' alleged conduct did not violate either as a matter of law, in light of the judicially noticed Minute Order. Indeed, any amendment would be futile. Thus, the action is **DISMISSED with prejudice**.

## V. CONCLUSION

In summary, Defendants' Motion (ECF No. 49) is **DENIED**. The Court **DISMISSES** the Complaint, *sua sponte*, **with prejudice**. The Court shall issue Judgment.

**IT IS SO ORDERED.**

January 26, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**