**O**

# United States District Court
# Central District of California

DELEXSTINE KENDRICKS,

            Plaintiff,

      v.

COLLECT ACCESS, LLC, et al.,

            Defendants.

Case № 5:19-cv-01134-ODW (SHKx)

**ORDER DENYING MOTION FOR ATTORNEYS' FEES [55]**

## I.      INTRODUCTION

Plaintiff Delexstine Kendricks initiated this action against Defendants Collect Access, LLC ("Collect") and Zee Law Group, P.C. ("ZLG") for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (Compl., ECF No. 1.)  On January 26, 2021, the Court denied Defendants' Motion to Dismiss and dismissed Kendricks's Complaint, *sua sponte*.  Defendants now move for an award of attorneys' fees under the FDCPA and RFDCPA.  (Motion for Attorneys' Fees ("Mot."), ECF No. 55.)  For the reasons that follow, Defendants' Motion is **DENIED.**[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

Defendants have been attempting to collect a debt that Plaintiff Delexstine Kendricks purportedly owes.  (*See* Compl. ¶¶ 3, 20.)  On January 3, 2018, Defendants obtained a writ of execution from the state court to enforce a default judgment against Kendricks.  (*Id.* ¶ 29.)  In that action, Kendricks filed a motion to quash service of process, as well as an ex parte application to stay.  On April 19, 2018, the state court granted her ex parte application to stay enforcement of the judgment until the court could hear her motion to quash service.  (*Id.* ¶ 33.)

On May 31, 2018, the state court held a hearing on the motion to quash service, which Kendricks and Defendants attended.  (*Id.* ¶ 35.)  In that hearing, the court issued a minute order reflecting what had been discussed.  (*Id.* ¶ 36; Defs.' Req. for Judicial Notice ("RJN") ¶ 3, Ex. C ("Min. Order"), ECF No. 49-3.)  The minute order reflects, among other things, that the court set aside default and default judgment against Kendricks, ordered Collect to serve new process upon Kendricks, and ordered Collect to provide Kendricks with notice of the court's ruling.  (Compl. ¶¶ 35–36; *see* Min. Order.)

The minute order also contained two seemingly conflicting instructions.  First, it stated, "THE COURT ORDERS . . . KENDRICKS TO FILE AN ANSWER TO THE COMPLAINT WITH THE CLERKS OFFICE ***WITHIN TWENTY (20) DAYS.***" (Min. Order (emphasis added).)   The minute order also included the following instruction: "NEW SERVICE REQUIRED ON THE RENEWAL OF JUDGMENT OF [DRI] ON DEFENDANT DELEXSTINE R KENDRICKS ***30 DAYS TO ANSWER.***" (*Id.* (emphasis added).)  On June 1, 2018, Defendants filed and served Kendricks with a Notice of Ruling which communicated the twenty-day deadline stated in the minute order.  (*See id.*; Compl. ¶ 37; RJN ¶ 4, Ex. D.)  Having received no answer after twenty days, Defendants filed and served a request for entry of default on June 21, 2018.  (Compl. ¶ 41.)  However, the state court denied the request and

noted that Kendricks had thirty days to respond to the complaint, not twenty. (*Id.* ¶ 42.)

Based on the above, Kendricks filed a Complaint in this Court, claiming that Defendants violated the FDCPA and RFDCPA by (1) sending Kendricks the Notice of Ruling stating that she had twenty days to respond to the complaint instead of thirty days, (*id.* ¶¶ 39–40), and (2) filing and serving the request for entry of default before thirty days expired, (*id.* ¶¶ 43–47.) Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Order Den. Mot. to Dismiss, ECF No. 52.) The Court dismissed the action with prejudice, *sua sponte*, for reasons independent of any arguments advanced by Defendants. (*Id.*) Defendants now request attorneys' fees. (Mot.)

### III.   LEGAL STANDARD

The FDCPA provides that a court may award attorneys' fees only if a plaintiff's action was "brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The RFDCPA similarly provides that a court may award such fees if a plaintiff's action was brought in bad faith. *See* Cal. Civ. Code § 1788.30. Under the FDCPA, the defendant bears the burden of showing, by more than a "conclusory assertion," that the plaintiff acted in bad faith and for the purpose of harassment. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940–41 (9th Cir. 2007). As long as a plaintiff's claim is "'minimally colorable,' a district court does not abuse its discretion in finding the suit was brought in good faith." *Fields v. Credit Mgmt. Sys.*, No. EDCV 14-1853 JGB (SPx), 2016 WL 9088755, at *3 (C.D. Cal. Apr. 20, 2016) (quoting *Guerrero*, 499 F.3d at 940).

### IV.   DISCUSSION

Defendants contend that they are entitled to recover attorneys' fees from Kendricks and her counsel because they are the prevailing party under the FDCPA and RFDCPA. (*See* Mot.) Defendants are incorrect.

***First,*** 15 U.S.C. § 1692(k)(a)(3) does not authorize attorneys' fees against a plaintiff's attorneys. *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1140 (9th Cir. 2009); *see also Fields*, 2016 WL 9088755, at *2 ("Section 1692k(a)(3) only authorizes an award of fees against the plaintiff, not the plaintiff's attorneys."). Thus, to the extent Defendants seek attorneys' fees against Kendricks's attorneys, their Motion is denied.

***Second***, Defendants fail to meet their burden to demonstrate beyond a conclusory assertion that Kendricks brought this case in bad faith and for the purpose of harassment. *See Guerrero*, 499 F.3d at 940. Defendants fail to cite to a single case supporting their contention that Kendricks brought this case in bad faith or to harass— "[t]his alone is grounds to deny [their] motion." *See Fields*, 2016 WL 9088755, at *3. Defendants merely restate the relevant statutes and facts in the record. (*See generally* Mot.) Indeed, Defendants make only the conclusory assertion that because this Court "found that Kendricks failed to allege facts showing that Defendants engaged in conduct that is prohibited by the FDCPA or RFDCPA," that Kendricks's action was brought in bad faith or to harass. This will not do. Accordingly, Defendants' Motion is denied.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion for Attorneys' Fees. (ECF No. 55.)


**IT IS SO ORDERED.**


June 23, 2021


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**